# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| GRAYDON HENRIKSON and ) <br> SHELLY L. WALLACE- ) <br> HENRIKSON, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TRAVELERS HOME AND ) <br> MARINE INSURANCE COMPANY, ) <br> ) <br>     Defendant. ) | Case No. 2:18-cv-75-WKW-DAB |

## **REPORT AND RECOMMENDATION**

This matter is before the Court on the Plaintiffs' Motion to Remand to State Court. (Doc. 6). Defendant has filed a memorandum in opposition. (Doc. 14). On January 3, 2018, Graydon Henrickson and Shelly L. Wallace-Henrikson filed a Complaint against Defendant Travelers Home and Marine Insurance Company in the Circuit Court of Montgomery County, Alabama, alleging five state law claims arising from a homeowner insurance policy: breach of contract, bad faith, fraud, negligence/wantonness, and outrage. (Doc. 1-1). Plaintiffs did not specify any amount of damages they were seeking for any of their claims, but alleged that a fire at their residence resulted in a "total loss of their home and personal belongings." *Id.* at ¶ 10.

Defendant timely removed the case on February 1, 2018, contending that removal was proper under 28 U.S.C. §§ 1332, 1441, and 1446 because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (Doc. 1). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The burden of persuasion for establishing diversity jurisdiction remains on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

On March 1, 2018, Plaintiffs moved to remand. (Doc. 6). "The Plaintiffs do not dispute that they are citizens of the State of Alabama and that Defendant Travelers, for purposes of the removal of this action under § 1332, is a citizen of the State of Connecticut." (Doc. 6 at ¶ 6). However, Plaintiffs argue that "Defendant Travelers' Notice of Removal fails the required showing that the amount in controversy in this matter exceeds $75,000.00." *Id.* at ¶ 7. Specifically, Plaintiffs note that they "have not stated any specific amount of loss and/or requested relief for a sum certain in their complaint." *Id.* at ¶ 8. Plaintiffs argue that "Defendant Travelers has exhaustively set out a laundry list of policy limits applicable and/or remaining under the homeowner's policy subject of this matter, listed payments made by Travelers to the Plaintiffs and listed amounts awarded through the appraisal

process as an attempt to support its argument that the amount in controversy exceeds the jurisdictional limit required for removal." *Id.* at ¶ 15.

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence, and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a). The federal removal

statute sets forth the proper procedure for removal of state actions to federal court and provides in relevant part:

> (1) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

The Eleventh Circuit has clarified the requirements of this statutory provision, explaining that "[u]nder the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007).  The court continued:

> Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists.

*Id.* (citations and quotation marks omitted). According to the *Lowery* court, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id.* (citations omitted).

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). To meet the amount in controversy requirement, the removing defendant must demonstrate that the amount in controversy likely exceeds the court's jurisdictional threshold:

> Where the complaint does not expressly allege a specific amount in controversy, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed . . . A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

*Williams*, 269 F.3d at 1319-1320. *See also Pretka*, 608 at 754-55 (noting that a removing party may present additional evidence, such as business records and affidavits, to satisfy its jurisdictional burden, but is not required to prove the amount in controversy "beyond all doubt or to banish all uncertainty about it").

Applied here, the Plaintiffs' state court Complaint "demand[s] judgment against the Defendants, separately and severally, in an amount that exceeds the minimum jurisdictional amount of this Court..." (Doc. 1-1 at 12). As such, Plaintiff's complaint was "indeterminate" in that "the plaintiff ha[d] not pled a specific amount of damages, [thus] the removing defendant must prove by a

preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319.

Upon review of the Notice, prior to filing suit, Plaintiffs, with the assistance of counsel, submitted a demand letter to Defendant stating:

> [W]e would respectfully demand the limits of the policy for the dwelling portion of the claim, to include any other applicable coverages, as indicated in your Property Estimate correspondence dated August 25, 2016:
>
> | | |
> |---|---|
> | Dwelling Limits: | $698,836.88 |
> | Dwelling - Code Upgrade Limits: | $46,589.13 |
> | Dwelling - Trees/Plants/Shrubs/Lawns Limits: | $23,294.56 |
> | Other Structures: | $46,689.32 |
> | Dwelling Demolition Cost: | $10,902.19 |
> | Debris Removal: | $34,941.80 |

(Doc. 1-6 at 2). Moreover, in Plaintiffs' state court Complaint, they alleged that "the parties submitted separate appraisals of damages to an umpire pursuant to the terms of the homeowner's policy." (Doc. 1-1 at ¶ 16). Defendant attached Exhibit G to its notice of removal, which is a copy of the "Appraisal Award Form" prepared by "Appraisal and Umpire Service." (Doc. 1-9). The Appraisal Award Form lists a Replacement Cash Value of the loss at $903,797 and the Actual Cash Value at $889,257.06. Accordingly, the Defendant, as the removing party, has proven by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.

Accordingly and for the reasons discussed herein, it is the **RECOMMENDATION** of the undersigned that Plaintiffs' motion to remand (Doc. 6) be **DENIED**, specifically, because the minimum amount in controversy has been evidenced and satisfied by the Notice of Removal and exhibits thereto.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Accordingly, it is hereby **ORDERED** that any objections to the Report and Recommendation shall be filed on or before **July 5, 2018**. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; see also 28 U.S.C. § 636(b)(1).

**Recommended** this 20th day of June, 2018.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE