IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GRAYDON HENRIKSON and SHELLY L. WALLACE-HENRIKSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:18-CV-75-WKW [WO] |
| TRAVELERS HOME AND MARINE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

# ORDER

Plaintiffs Graydon Henrikson and Shelly L. Wallace-Henrikson filed this action in Alabama state court seeking recovery against Defendant Travelers Home and Marine Insurance Company ("Travelers"). Travelers was the insurer of Plaintiffs' home when it burned down in January 2016. (Doc. # 1-1, at 3.) Travelers removed the case to this court, contending that diversity jurisdiction was proper pursuant to 28 U.S.C. § 1332. (Doc. # 1, at 3.) Plaintiffs moved to remand (Doc. # 6), and the sole issue that remains is whether Travelers has shown by a preponderance of the evidence that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see*

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In his Report and Recommendation, the Magistrate Judge recommends denying the motion and retaining jurisdiction. (Doc. # 18.) Plaintiffs have timely objected (Doc. # 19), and Travelers has filed a response (Doc. # 21). With briefing complete, and having conducted an independent examination of the record and a *de novo* review of the Recommendation, *see* 28 U.S.C. § 636(b), the court concludes the Recommendation is due to be adopted.

Plaintiffs' first objection is that the crux of the Recommendation is based on evidence inadmissible at trial and therefore improper to consider in determining the amount in controversy. (Doc. # 19, at 2–4.) The evidence in question was a pre-suit demand letter sent by Plaintiffs to Travelers seeking the policy limits for the dwelling portion of the claim: $698,836.88. (Doc. # 1-6, at 2–3) According to Plaintiffs, the letter is "inadmissible at the trial in this matter, and therefore do[es] not constitute 'competent evidence' that the [c]ourt should rely on in determining whether the Defendant has met its burden regarding the amount in controversy in this matter." (Doc. # 19, at 2–3 (citing Federal Rule of Evidence 408).)

Plaintiffs do not cite any case law for this proposition, though they do note that the Eleventh Circuit has recognized that a settlement offer can be considered an "other paper" from which a party may ascertain the amount in controversy pursuant to § 1446(b)(3). (*See* Doc. # 19, at 3 (citing *Lowery v. Ala. Power Co.*,

483 F.3d 1184, 1212 (11th Cir. 2007).) Perhaps the implication is that *Lowery* and the "other paper" language is confined to section (b)(3) removals (formerly known as "second paragraph" removals), whereas Travelers removed under section (b)(1) (formerly known as a "first paragraph" removal) and that different rules apply. But while differences do abound between the two kinds of removal, there is no reason to think the applicability of Federal Rule of Evidence 408(a) is one of them. Indeed, in a later decision clarifying the parts of the *Lowery* opinion that did *not* apply to first paragraph removals, the Eleventh Circuit emphasized that "[t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

That this is so, of course, does not actually answer the question whether the court may consider the settlement offer — only that the *Lowery* dictum applies here as well. But consideration is nevertheless proper because the evidentiary standard is not a trial standard. *See Pretka*, 608 F.3d at 754 ("[T]he court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other . . . evidence that may reveal that the amount in controversy requirement is satisfied." (citation omitted)); *Spottswood v. Stewart Title Guar. Co.*, No. 10-cv-109-WS, 2010 WL 1539993, at *4 n. 11 (S.D Ala. Apr. 16, 2010) (considering a report for amount-in-controversy

purposes over a hearsay objection because "[t]he court is not deciding whether or not to admit the . . . report into evidence, but is simply evaluating whether to consider it for purposes of a preliminary ruling"). Thus, "[a]lthough settlement negotiations are not admissible at trial pursuant to Federal Rule of Evidence 408 to prove liability for or invalidity of the claim or its amount, they can be considered to 'show the stakes' when determining whether the amount in controversy is met." *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012) (quoting *Rising–Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 816 (7th Cir. 2006)); *see* Fed. R. Evid. 408(b) (settlement evidence may be admitted "for another purpose"). So it is here.

Plaintiffs' second objection fares no better. They argue that "[t]he Plaintiffs' claims under the coverages listed in the December 8, 2016[,] settlement demand were all settled under the appraisal award that has already been paid to the Plaintiffs prior to the suit being filed in this matter." (Doc. # 19, at 4.) Maybe this is so, but Plaintiffs' Complaint nevertheless places the award in dispute:

> As a result of Defendant Travelers['s] continued refusal to pay the claims submitted by the Plaintiffs, the parties submitted separate appraisals of damages to an umpire pursuant to the terms of the homeowner's policy. After the umpire released his decision and awarded specific loss figures to the Plaintiffs, Defendant Travelers, without any reasonably legitimate, arguable and/or debatable reason, ha[s] failed and/or refused to pay the Plaintiffs benefits due for their loss under the homeowner's policy.

(Doc. # 1-1, at 5.)

4

Moreover, even if the entire appraisal award is not at issue — a proposition not at all clear from the Complaint — Travelers provides evidence that it did not pay $70,500 of the award and that it told Plaintiffs that this amount was not owed. (*See* Doc. # 1-8, at 3.) By claiming that Travelers wrongfully refused to pay up following the umpire's decision, Plaintiffs placed this amount of the award in dispute at the very least.

Additionally, Plaintiffs seek in their Complaint recompense for having "to incur substantial professional fees to retain the service of appraisers." (Doc. # 1-1, at 8.) Travelers has shown that Plaintiffs paid the umpire $6,591.61. (Doc. # 1-10.) Combining the two numbers, it becomes more likely than not that at least $76,591.61 was in dispute at the time of removal — and that does not even include the amount of the initial settlement demand. Travelers has met its burden of establishing jurisdiction.

Accordingly, it is ORDERED that the Recommendation of the Magistrate Judge (Doc. # 18) is ADOPTED, Plaintiffs' Objection (Doc. # 19) is OVERRULED, and this action is REFERRED back to the Magistrate Judge pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate.

DONE this 15th day of August, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE